UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYNDA W.,

                Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 2:23-cv-783-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB") Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled during the relevant period from August 19, 2019, through June 29, 2022. Dkt. 4, Complaint; AR 15-26 (ALJ's written decision).

      The plaintiff filed their application on August 20, 2019, and alleged an onset date of August 19, 2019. AR 15. For DIB, the date last insured is December 31, 2025. *Id.*

      The plaintiff appeals from the ALJ's decision entered June 29, 2022. AR 15-26. The ALJ held a hearing on October 14, 2021 (AR 34-43) and on October 14, 2022 (AR 44-66). The ALJ found that plaintiff had the following severe impairments (at step two of the five-step review process): "cervical degenerative disc disease (DDD); lumbar

1  radiculopathy; osteoarthritis (OA) of both knees; meniscal tear in right knee; and
2  obesity." AR 18.
3      With respect to plaintiff's mental health, the ALJ found that a diagnosis of
4  "unspecified depressive disorder" had been made by Dr. Pastor; the ALJ stated that "[t]o
5  the extent considering such limited evidence in favor of the claimant supports a finding
6  of a depressive disorder as a medically determinable impairment, I find it is not severe
7  because it causes no more than minimal limitations of the ability to perform basic work
8  activity." AR 19. The ALJ found, at step four, that plaintiff was not disabled because she
9  would be able to perform her past work of "book seller, cashier, and sales clerk." AR 25.
10
11                                      DISCUSSION
12      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's
13  denial of Social Security benefits if the ALJ's findings are based on legal error or not
14  supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874
15  F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such
16  relevant evidence as a reasonable mind might accept as adequate to support a
17  conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations
18  omitted). The Court must consider the administrative record as a whole. *Garrison v.*
19  *Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the
20  evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*
21  The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did
22  not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope
23  of the Court's review. *Id.*

**1. Whether the RFC included appropriate limitations related to medical opinion evidence.**

Plaintiff argues the ALJ erred by failing to find that depression was a severe limitation at step two; and even if mild work-related limitations concerning concentration, persistence and pace were not severe, plaintiff argues the ALJ erred by not including any mental health limitations in the RFC.

With respect to physical conditions, plaintiff argues the ALJ selectively chose certain aspects of the medical records that showed plaintiff had symptoms that were being conservatively managed. Dkt. 21, Opening Brief, at 15-17. Plaintiff also asserts the ALJ erred by discounting medical opinions of Dr. Ronning as being inconsistent with other documentation in the plaintiff's medical record. *Id.* at 12-15.

Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how they considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

3

robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

In this case – in addition to treatment records -- the medical opinions concerning plaintiff's physical conditions and work-related limitations consisted of one examining physician's opinion (Dr. Ronning, AR 635-643), and two opinions of reviewing physicians (Dr. Staley, and Dr. Stevens, AR 73-75, 92-97).  The medical opinions concerning plaintiff's mental health condition and work-related limitations consisted of Dr. Pastor, MD's opinion dated July 1, 2020 (AR 595-598) as well as Dr. Gardner, a psychologist (AR 89).

The ALJ is responsible for judging medical evidence and resolving ambiguities with such evidence. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008). In this case, the ALJ's decision shows that each opinion concerning plaintiff's physical limitations was considered – the ALJ noted that Dr. Ronning's assessment was not supported by the longitudinal record, and that the opinions of Dr. Staley and Dr. Stevens were supported and consistent with the medical records. AR 24-25. While there is conflicting evidence in the medical record concerning the severity of plaintiff's limitations and symptoms, the ALJ's decision shows that she resolved ambiguities and gave reasons for finding Dr. Ronning's assessment to be unpersuasive. AR 24-25.

Likewise, the ALJ reviewed the opinion of examining physician Dr. Pastor, and reviewing psychologist Jerry Gardner, PhD, and determined that these assessments showed no work-related limitations except a mild limitation in the area of concentrating, persisting, or maintaining pace. AR 19. Regarding the mild limitation, the ALJ applied the appropriate regulation, 20 CFR § 416.920a(d)(1), and found plaintiff's depression affected concentrating, persisting, or maintaining pace, yet it was only a minimal limitation. AR 19-20.

The ALJ observed plaintiff had not received any treatment for depression or anxiety, and there were no "related allegations, acute complaints, [or] abnormal findings" in the medical record. AR 18-19. Although the ALJ does not have a separate discussion of mental health conditions in the paragraphs immediately following the statement of the RFC (AR 21-25), the ALJ stated that "the following residual functional capacity assessment reflects the degree of limitations I have found in the 'paragraph B' mental function analysis." AR 20. Because the ALJ properly reviewed whether the mild limitation was minimal, and then did not include this minimal limitation as "severe" at step two, and the minimal limitation was properly omitted from the RFC, the ALJ did not err. *Woods v. Kijakazi,* 32 F.4th 785, 794 (9th Cir. 2022); *Burch v. Barnhart,* 400 F.3d 676, 682-683 (9th Cir. 2005).

The ALJ assessed plaintiff's RFC, and found that plaintiff would be able to "perform light work as defined in 20 CFR 404.1567(b) except: occasionally climbing ladders, ropes, or scaffolds; frequently climbing ramps or stairs, frequently balancing; occasionally stooping, crouching, kneeling, and crawling; occasional exposure to weather, meaning outside, atmospheric conditions; occasional exposure to non-weather

related extreme cold temperatures; no exposure to dangerous machinery with moving, mechanical parts; and no exposure to unprotected heights. AR 25. The ALJ explained that Dr. Ronning's assessment was not persuasive and gave reasons that are legally valid and supported by substantial evidence in the record. Plaintiff had spinal surgery before the relevant period, and during the relevant period the record shows she was prescribed medication for pain relief and had physical therapy appointments. AR 574-599, 636-687. The record supports the ALJ's determination that Dr. Ronning did not have a history of treating plaintiff for her conditions; his assessment was out of step with the history of conservative treatment, and out of step with plaintiff's daily activities that she described in her function reports and testified about during the hearing -- such as walking one or two miles frequently, working part-time at a grocery store, cooking, doing yoga and water fitness almost daily, and accomplishing a number of regular household chores, and riding a bicycle. AR 53-60, 285-286, 308-310. The ALJ also noted that Dr. Ronning's opinion was based on a one-time evaluation. These are legally valid reasons for the ALJ to discount the assessment. *See, Woods,* 32 F.4th at 793-794.

The ALJ's decision as to the evaluation of the medical evidence, and the limitations reflected in the RFC, are supported by substantial evidence and there was no legal error.

**2.  Plaintiff's statements regarding symptoms and limitations**

Plaintiff argues the ALJ erred by discounting her statements about her symptoms and work-related limitations. Plaintiff asserts that her daily activities were not inconsistent with the level of symptoms and severity of limitations that she expressed. Dkt. 21, Opening Brief, at 20-21. Plaintiff also states that her activity level was not

sufficiently rigorous to meet the demands of full-time work. *Id.* And plaintiff argues that the ALJ erred by focusing on periods of improvement and then extrapolating those periods to assume that overall, plaintiff's conditions and limitations had improved during the relevant period. Dkt. 21 at 21-26.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164. An ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

In this case, plaintiff submitted function reports in 2019 and 2020. AR 282-289, 307-314. In these reports, plaintiff stated that she could not lift or carry more than five pounds. AR 283. She stated she prepared food for about one hour, a few times per week, with her spouse's help. AR 283-284. She confirmed that she was able to do "[l]aundry, dishes, bathroom" and some "weeding & watering", with the help of her spouse. AR 284. She stated that she went outside every day, she did yoga, tai chi, aquatic exercise, and that she could ride a bicycle. AR 285-286, 308-310.

Plaintiff also stated that she was not able to squat, because of torn meniscus and arthritis in both knees. AR 287.

Plaintiff testified that she had spinal surgery almost four years before the April 26, 2022, hearing. AR 54. She stated that she had constant pain in her lumbar area that would "take me to my knees". AR 54-55. She does not lift anything; she cannot lift a gallon of milk with her right hand – yet she stated could do so with both hands. AR 59. Plaintiff testified she "can walk approximately a mile or two". AR 55-56. Plaintiff stated that both hands are numb and particularly the right hand; and she is starting to drop things with the right hand. AR 56. She is reticent to drive and limits her driving to local areas because her hands are bothered while holding the wheel, and her spinal impairment limits her turning, and checking mirrors -- this causes physical difficulty particularly if a quick movement becomes necessary. AR 60.

Plaintiff testified that her knee conditions prevent her from bending too far. AR 57. She is able to do some of the household chores such as cooking and laundry, with periods of rest in between. AR 57-60.

The ALJ cited clear and convincing reasons, supported by substantial evidence, for discounting plaintiff's statements. After properly reviewed the medical records, and the statements of plaintiff, to determine whether plaintiff's statements were supported, or whether there were contradictions that undermined plaintiff's description of the nature and intensity of her symptoms and limitations, the ALJ set forth specific findings. AR 21-25. As discussed above, the ALJ considered ambiguities in the record, and the differences between various medical opinions. After resolving the ambiguities in the medical record, the ALJ found two reasons for discounting plaintiff's statements. First, that plaintiff had engaged in activities that did not reflect the restrictive limitations she described. AR 25. Plaintiff's statements about her level of activity reflect a person who is quite active, by comparison to her assertions of debilitating pain and diminished function in her hands. AR 282-289, 307-314, 283-287.

Second, the ALJ found that the longitudinal medical record was inconsistent with the symptoms and severity of limitations described by plaintiff. AR 22, 25. The ALJ decided that "evidence suggests less intense and persistent symptoms managed with more conservative and routine treatment." AR 25. The record shows plaintiff had relatively conservative treatment consisting of medication and physical therapy, during the relevant period. AR 574 (treatment notes from Dr. McQueen, to maintain physical therapy, acupuncture, and yoga along with gabapentin, in July 2019); 576-577 (steroid injection in March 2019, and follow up with gabapentin for lumbar pain); 580 (MRI

showing lumbar degenerative changes in January 2019); 648 (appointment in June, 2021 for chronic pain management, notes tramadol three times per day, ongoing physical therapy); 653-656, 666-667 (notes from office visits in January and August 2021, notes knee pain, pain in both arms and hands -- and prescription for hydrocodone, later prescribed tramadol and gabapentin instead of hydrocodone).

Although it would be error for an ALJ to reject a claimant's statements about work-related limitations and symptoms solely on the basis that the extent of pain is not fully corroborated by the medical record, inconsistency between the level of limitations described by plaintiff, when compared with the medical record, is a sufficient basis for rejecting the plaintiff's asserted symptoms and limitations. *Smartt v. Kijakazi,* 53 F.4th 489, 497-499 (9th Cir. 2022), *citing, Burch v. Barnhart,* 400 F.3d 676, 680-684 (9th Cir. 2005).

Because the ALJ provided at least one legally sufficient reason, supported by substantial evidence, the Court need not address the other arguments plaintiff brings; if error occurred in other respects, it would be harmless as long as one reason is affirmed. *Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1163 (9th Cir. 2008). Here, two clear and convincing reasons are stated by the ALJ, and each is supported by substantial evidence.

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ did not commit harmful error and properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is <u>affirmed</u>.

Dated this 22nd day of April, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge